## STATE *v.* JOHN CORDELL.

CRIMINAL LAW. *County Judge.* An indictment will not lie against county judge for failure to make *semi*-annual report to county court under third section of an act passed March 7, 1879, ch. 76.

### FROM SCOTT.

Appeal from the Circuit Court of Scott county. D. K. YOUNG, J.

ATTORNEY-GENERAL LEA for the State.

L. A. GRATZ for Cordell.

FREEMAN, J., delivered the opinion of the court.

This is an indictment containing three counts, which, on motion, was quashed by the circuit judge, and the State has appealed.

The first count charges Cordell with failing, on the — day of January, 1882, as county judge of Scott county, to make his *semi*-annual report to the county court, showing all money received and paid out by him, and a complete statement of the financial condition of the county, as required by the 3d section of the act of the General Assembly, passed March 7, 1879.

The second count is substantially the same, and the third is in general terms for failing to settle his accounts as county judge, as required by the above act.

This act of 1879 is entitled "An act requiring judges and chairmen of county courts to execute *bonds* for the faithful discharge of their duties as accounting officers and financial agents of their counties." This is all of the title.

The first section is in precise accord with the title, and requires the officers named, hereafter, before entering upon the discharge of their duties, to enter into bond, etc., conditioned for the faithful discharge of their duties as accounting officers and general agents of their counties, during their official terms, as set forth in the Code, section 421, and sub-sections thereof.

The second section requires this to be done at the April term, 1879, of the quarterly courts, and then

provides if any of these officers shall fail to do so, the clerk of the court where such default occurs shall notify him to appear at the July quarterly court, 1879, and give the bond, and in case of failure, the court is to declare the office vacant, and fill it.

But a third section is added: "That judges and chairmen of the county courts in this State shall make written *semi* annual reports to the county courts, showing all moneys received and paid out, and a full and complete statement of the financial condition of the county, and said reports shall be entered on the minutes of the court, and said judges and chairmen shall settle their accounts once each year; and it shall be the duty of the justices of the peace of each county to appoint a committee to settle with said officers, and a failure of said officers, or any one of them, to comply with this act, his office shall be declared vacant, and subject to all other penalties prescribed in this act," which we suppose means, that the county court shall proceed to fill the vacancy as provided by section 2 of the act, as we see no other penalties prescribed.

It is insisted in brief of defendant that failure to settle, as required, is not made an indictable offense, but only that the office is by the court required to be declared vacant, and the vacancy filled, therefore no indictment will lie—on the principle that the expression of one thing is the exclusion of another—that defining one penalty excludes the idea that another and different might, or was intended, to attach to the same act—that is, a cumulative penalty—the

one prescribed definitely, and the other resulting by implication, and this was not intended, and cannot be inflicted.

We are of the opinion this contention is correct, and content ourselves with affirming the judgment of the court below on this ground, without discussing the other question presented in the brief.

Affirm the judgment.